UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| Nataleen Guzman, | Case No.: |
| Plaintiff, | Judge: |
| v. | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF |
| Academy Collection Service, Inc., | |
| Defendant. | JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person that resided in Coconut Creek, Florida at all times relevant to this action.

3. Defendant is a Pennsylvania corporation that maintained its principal place of business in Philadelphia, Pennsylvania at all times relevant to this action.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect a debt from plaintiff, which is a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Between December 2009 and January 2010, Defendant telephoned Plaintiff's sister-in-law ("Gwen") on numerous occasions in connection with the collection of the debt without Plaintiff's consent.

8. At the time of these communications, Defendant already had Plaintiff's location information.

9. During several of these communications, Defendant disclosed to Gwen that Plaintiff owed the debt.

10. During at least two of these communications, Gwen informed Defendant that Plaintiff could not be reached at Gwen's residence and refused to provide Defendant with any further information about Plaintiff, but Defendant continued to call.

11. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

12. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

13. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

14. Defendant violated 15 U.S.C. §1692c by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692d by engaging in conduct in connection with the collection of the debt the natural consequence of which was to harass, oppress, or abuse Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

19. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

20. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Adela D. Estopinan
    Adela D. Estopinan
    Bar # 25939
    701 SW 27th Avenue, #1209
    Miami, FL 33135
    Telephone: 866-339-1156
    Email: ade@legalhelpers.com
    Attorneys for Plaintiff